**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**FRANK ELILJAH SMITH,**

    **Plaintiff,**

vs.                                Case No.: 4:23-cv-00142-AW-MAF

**RICKY DIXON,
et al.,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis,* filed an amended complaint, pursuant to 42 U.S.C. § 1983. ECF No. 9. The Court screened the amended complaint as required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and construed Plaintiff's allegations liberally. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). After careful consideration, it is recommended that this case be dismissed because Plaintiff fails to state a claim upon which relief may be granted.

**I.**     **Plaintiff's Amended Complaint, ECF No. 9.**

    Plaintiff sues Ricky Dixon, Secretary of the Florida Department of Corrections (FDOC); Lori Lykins, the warden of Calhoun Correctional

Institution (C.I.) and J.W. Shuler, the assistant warden at Calhoun C.I. ECF No. 9, pp. 1-3. Plaintiff did not indicate in Section IB in which capacity he was suing the Defendants. Id., pp. 2-3. In his statement of facts, Plaintiff states he is suing Shuler in his individual capacity. Id., p. 7.

Plaintiff claims that Lykins and Shuler ordered prison officers to conduct a mass search of Calhoun C.I. on December 6, 2022. Id., p. 5. The search was conducted by Calhoun C.I. employees and other FDOC employees from outside institutions. Id. Shuler ordered, "All the stuff y'all take is to be placed outside of the gate . . . so it can't find its way back inside." Id. Plaintiff claims this instruction violated his civil rights and FDOC policy. Id.

Plaintiff alleges that his personal property was confiscated during the search including his personal and legal mail, documents, family photo album, property records, and personal books. Id., p. 6. Plaintiff is a creative writer and lost his essays, short stories, scripts, and other literary works. Id. According to Plaintiff, much of the property is irreplaceable because some "dated back over 45 years of incarceration." Id. Plaintiff asked Defendants to preserve security camera footage of the search because it shows how the dormitory was "ransacked." Id., p. 7. Plaintiff claims defendants have not recovered or returned his property to him and have ignored his grievances. Id., pp. 8-11.

Plaintiff seeks punitive damages in the amount of $150,000 for his lost property and creative works and for the FDOC to initiate reforms so this does not occur in the future. Id., p. 12.

## II. Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds by Iqbal, 556 U.S. 662).

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'. . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## III. Plaintiff Fails to State a Claim

### A. Respondeat Superior Claims

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier

v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell, 436 U.S. at 693-94. The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted). Plaintiff presents no set of facts involving Defendant Dixon whatsoever. Rather, Plaintiff alleged that the warden and assistant warden directed the dormitory search contrary to FDOC policies. Accordingly, Plaintiff's respondeat superior claims fail.

Furthermore, Plaintiff's allegations that prison officials denied or ignored grievances are insufficient to impose liability under § 1983. See Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989) (holding that a violation of the grievance procedure did not rise to the level of a constitutional violation, because there is no constitutional right to a grievance procedure); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2011) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner . . . A state created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Thomas v. Warner, 237 F. App'x 435, 437-38 (11th Cir. 2007) ("A prisoner

does not have a constitutionally-protected liberty interest in an inmate grievance procedure."). Any claims based on the denial of grievances are due to be dismissed.

B. Plaintiff's Fourth Amendment Claim

It is well settled that the Fourth Amendment's prohibition against unreasonable searches does not apply within the confines of a prison cell. Hudson v. Palmer, 468 U.S. 517 (1984). In Hudson, a state prisoner filed suit under Section 1983, alleging that the prison officials conducted a search of his cell and "intentionally destroyed certain of his noncontraband personal property during the . . . search." Hudson, 468 U.S. at 519-20. The Court specifically approved the conduct by prison officials of "wholly random searches" or "routine shakedowns of prison cells" as "essential" to the effective security and administration of prisons. Id. at 529.

The fact that Plaintiff states that the entire dormitory was searched that day and that he was not singled out weakens Plaintiff's argument even further. Prison officials have a legitimate penological interest in security to search prison cells. See Turner v. Safley, 482 U.S. 78, 89 (1984). Plaintiff's argument that the search was conducted in violation of FDOC policy also fails to move his claims forward. "To prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived [him] of a

right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). Section 1983 does not provide a remedy for the violation of prison regulations and policies by prison officials. A violation of prison rules or policies alone does not infringe upon an inmate's constitutional rights. Sandin v. Conner, 515 U.S. 472, 481-82 (1995).

> For one to advocate that prison searches must be conducted only pursuant to an enunciated general policy or when suspicion is directed at a particular inmate is to ignore the realities of prison operation. Random searches of inmates, individually or collectively, and their cells and lockers are valid and necessary to ensure the security of the institution and the safety of inmates and all others within its boundaries. This type of search allows prison officers flexibility and prevents inmates from anticipating, and thereby thwarting, a search for contraband.

Hudson, 468 U.S. at 529.

This does not imply that prison officials can violate "inmates' property rights with impunity. . . [t]he Eighth Amendment stands as protection against 'cruel and unusual punishments.'" Id. at 530. This is explained further in Section C below. More importantly, in Florida, there are adequate state tort remedies available to Plaintiff, which he must pursue before coming to this Court for relief as outlined below in Section D.

Case No. 4:22-cv-00450-TKW-MAF

C. <u>Eighth Amendment Claims</u>

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832, (1994). Generally, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks omitted). To successfully plead an Eighth Amendment violation, the deprivation alleged by the prisoner must be sufficiently serious in objective terms such that it suggests denial of the "minimal civilized measure of life's necessities" (the objective element). <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Thus, the only concern is whether Plaintiff suffered "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." <u>Id.</u> at 348. Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." <u>Id.</u> at 345.

There is no reason to believe that the search and seizure of Plaintiff's property -- mail, documents, a photo album, property records, and books –

amount to the denial of any of life's necessities or involved "the wanton and unnecessary infliction of pain." Dismissal is appropriate.

D. <u>Deprivation or Loss of an Inmate's Personal Property</u>

It is well settled that a prisoner's claim for the deprivation of his property does not amount to a violation of due process under the Constitution of the United States. Again, <u>Hudson</u> is controlling:

> Unauthorized intentional deprivations of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property . . . the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

468 U.S. at 533. The State of Florida provides adequate post-deprivation remedies for a plaintiff to sue in state courts and recover any damages for the loss of his property. <u>See</u> Fla. Stat. § 768.28. If Plaintiff alleges that prison officials negligently lost his property, this claim also fails. Mere negligence by prison officials may state a claim under state law but is insufficient to establish a constitutional violation. <u>Daniels v. Williams</u>, 474 U.S. 327, 333 (1986).

Plaintiff, specifically, admits he has not filed other lawsuits or appeals in state or federal court dealing with the same facts or issue involved in this case. ECF No. 9, p. 15. For this reason, Plaintiff does not state a ripe

constitutional claim -- he has not availed himself of state remedies or proved the state remedies were inadequate. See Moore v. McLaughlin, 569 F. App'x 656, 658 (11th Cir. 2014) (dismissing prisoner's § 1983 due process claim against prison officials for allegedly stealing prisoner's property where state law provided adequate post-deprivation remedy). Ultimately, Plaintiff fails to state a claim and dismissal is proper.

## IV. Conclusion and Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that the case be **DISMISSED** under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) because Plaintiff fails to state a claim on which relief may be granted. Finally, it is recommended the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and counts as a strike.

IN CHAMBERS at Tallahassee, Florida on July 26, 2023.

                           s/ Martin A. Fitzpatrick
                           **MARTIN A. FITZPATRICK**
                           **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).

Case No. 4:22-cv-00450-TKW-MAF

A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).