IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FRANK ELIJAH SMITH,**

    **Plaintiff,**

v.                                      Case No. 4:23-cv-142-AW-MAF

**RICKY DIXON, et al.,**

    **Defendants.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Frank Smith, a pro se prisoner, sued several prison officials. His basic claim is that there was a prison search that led to confiscation of personal materials. He alleges violations of the Fourth, Eighth, and Fourteenth Amendments. After screening the complaint, the magistrate judge noted multiple pleading deficiencies and directed Smith to amend. ECF No. 6. Smith did amend, ECF No. 9, and the magistrate judge issued a report and recommendation concluding the amended complaint fails to state a claim, ECF No. 15. Smith has filed objections, ECF No. 16, and I have considered de novo the issues he raises.

Smith clarifies in his objection that he sues the officials in both their official and individual capacities, but that does not save the claim. Any official-capacity claim would be effectively a claim against the state and would be barred by the Eleventh Amendment. The individual-capacity claims fail to state a claim for the reasons the magistrate judge sets out.

1

I agree with the magistrate judge that the amended complaint fails to state a claim. I adopt the report and recommendation and incorporate it into this order (with the caveat discussed next).

The report and recommendation suggests dismissal without prejudice. But a Rule 12(b)(6) dismissal is a decision on the merits, *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990), and is ordinarily with prejudice, *see Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (explaining that "an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice'"). Here, Plaintiff already had an opportunity to amend, so the dismissal is with prejudice.

The clerk will enter judgment that says, "Plaintiff's claims are dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(B)(ii) and (to the extent they seek relief against state officials in their official capacity) for seeking monetary relief against immune defendants under 28 U.S.C. § 1915(e)(B)(iii)." The clerk will then close the file.

SO ORDERED on September 5, 2023.

                                                s/ *Allen Winsor*
                                                United States District Judge